DAVID REEVES and others *v.* NATHAN F. COMLY.

The subsequent return of a party, whose property had been attached on an affidavit that he had left the State with the intention of never returning, will not alone be sufficient ground for dissolving the writ, where circumstances render it probable that his original intention was not to return. The intention of returning should have been clearly proved, to entitle the defendant to a dissolution of the attachment.

APPEAL from the District Court of the First District, *Buchanan,* J. A rule was taken on the plaintiffs, to show cause why an attachment, which had been issued in this case on an affidavit that the defendant " had absconded from the State with the intention of never returning," should not be set aside, on the ground that the affidavit was false. The record of the case of *The New Orleans Canal and Banking Company* v. *Comly,* (1 Robinson, 231,) was the only evidence introduced on the trial of the rule. The rule having been made absolute, the plaintiffs appealed.

*R. M. Carter,* for the appellants.

*Durant,* for the defendant.

MARTIN, J. The plaintiffs are appellants from a judgment sustaining the opposition of the defendant to a writ of attachment obtained by the former, on the disproval of the fact alleged, to wit, that the defendant had left the State with the intention not to return. The facts of this case are exactly the same as those in a case against the same defendant, decided in this court in January last. 1 Robinson, 231.

The first judge determined the question of law in accordance with our judgment in the former case, but he viewed the question of fact in quite a different light.

The defendant gave his actual return as evidence of his intention to return, and the court was of opinion that the record presented no fact which authorized a conclusion different from that to which it arrived. In this, in our opinion, the judge erred. The record of the case determined by us in January last, taken from the minutes of the District Court, from which the appeal was brought up, was placed before him. On the facts proved in the District Court, we said, that " the case of the defendant is that of a person charged with having, with the aid of one of the tellers

of the Bank, actually defrauded it of a sum of upwards of sixty thousand dollars, a circumstance which, in our opinion, removes every suspicion of an intended deviation from the truth in the President of the Bank, who made the affidavit required by law. Notwithstanding this, if the defendant had made his intention to return evident, he would be entitled to relief; but the consequences he had to apprehend from the gross fraud he is charged with having committed on the Bank, rendered his intention to avoid them by flight so probable, that the mere circumstance of his return does not totally destroy the presumption. Men often do that which they once intended not to do."

It is therefore ordered, that the judgment be reversed, and the attachment reinstated.; the defendant and appellee paying the costs of the appeal.